**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**STATE FARM FIRE & CASUALTY COMPANY,**

         **Plaintiff,**

      v.             1:12-CV-1032
                       (FJS/CFH)
**GENERAL ELECTRIC COMPANY,**

         **Defendant.**

_____

**APPEARANCES**              **OF COUNSEL**

**OFFICE OF STUART D. MARKOWITZ, PC**  **STUART D. MARKOWITZ, ESQ.**
575 Jericho Turnpike
Suite 210
Jericho, New York 11753
Attorneys for Plaintiff

**GOLDBERG SEGALLA LLP**       **JOHN P. FREEDENBERG, ESQ.**
665 Main Street
Suite 400
Buffalo, New York 14203-1425
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff State Farm Fire & Casualty Company ("Plaintiff" or "State Farm") is a foreign corporation, with a principal place of business in Illinois. *See* Dkt. No. 1, Complaint at ¶ 1.

Plaintiff asserts that it issued an insurance policy to Mr. Drexinger, insuring him against certain property damage and related expenses to his real property and other personal property located at his residence in Ballston Lake, New York. *See id.* at 11. Plaintiff alleges that Defendant designed, manufactured, built, tested, distributed, delivered, sold, repaired, serviced and/or inspected a refrigerator, which Mr. Drexinger owned. *See id.* at 12. Plaintiff further alleges that on or about February 4, 2011, a fire originated in the area of the line cord to the refrigerator unit, causing substantial damage to Mr. Drexinger's property. *See id.* at 14. Plaintiff alleges that, pursuant to the provisions of its insurance policy, it paid Mr. Drexinger $215,750.92 for property damages and other expenses related to the fire. *See id.* at 22.

Based on the foregoing, Plaintiff brings three causes of action against Defendant for (1) negligence based on defective design, (2) breach of express and implied warranty, and (3) strict products liability. *See id.* at 3-6.

Currently before the Court is Defendant's motion for summary judgment dismissing Plaintiff's complaint in its entirety. *See* Dkt. No. 20, Notice of Motion at 1.

## II. DISCUSSION

**A.** *Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the court's role is to determine "whether there is the need for a trial— whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In making this determination, the court must view the evidence in the record and draw all reasonable inferences in the light most favorable to the non-moving party. *See Consol. Risk Servs., Inc. v. Auto. Dealers WC Self Ins. Trust*, No. 1:06–CV–871, 2010 WL 2735701, *3 (N.D.N.Y. July 9, 2010) (citation omitted).

**B.** *Plaintiff's first cause of action for negligence based on defective design*

This Court has recognized that "New York courts generally consider strict products liability and negligence claims based on defective design to be 'functionally synonymous.'" *Pinello v. Andreas Stihl*, No. 8:08-CV-452, 2011 WL 1302223, *16 (N.D.N.Y. Mar. 31, 2011) (citing *Penny v. Ford Motor Co.*, 87 N.Y.2d 248, 639 N.Y.S.2d 650, 662 N.E.2d 730 (1995)). Courts analyze both types of claims under a single test. *See id.* (citations omitted).

This Court has identified the requirements for a defective design claim under New York State law:

> "In order to establish a *prima facie* case in strict liability for design defects, the plaintiff must show that the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing plaintiff's injury."

*Quiles v. Bradford White Corp.*, No. 10-CV-747, 2012 WL 1355262, *4 (N.D.N.Y. Apr. 18, 2012) (quoting *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 107, 463 N.Y.S.2d 398, 450 N.E.2d 204 (1983)).

A plaintiff need not prove a specific defect but may provide circumstantial evidence to support a finding that the product did not perform as intended and that other causes are excluded. *See Speller v. Sears, Roebuck & Co.*, 100 N.Y.2d 38, 41 (2003); *see also Jarvis v. Ford Motor Co.*, 283 F.3d 33, 44 (2d Cir. 2002). In *Speller v. Sears, Roebuck & Co.*, it was undisputed that

a fire originated in the kitchen of the plaintiffs' home. *See Speller*, 100 N.Y.2d at 40. The plaintiffs sued the manufacturer and distributor of the refrigerator for negligence, strict products liability, and breach of warranty, alleging that the fire was caused by defective wiring in the refrigerator. *See id.* Defendant moved for summary judgment seeking dismissal of the complaint, relying principally on a report issued by the New York City Fire Marshal, which concluded that a stovetop grease fire caused the damage. *See id.* The *Speller* plaintiffs submitted evidence of three experts and other materials, refuting the Fire Marshal's conclusions and opining that the fire started in the refrigerator, an area with a concentration of electrical wiring. *See id.* The plaintiffs also submitted the deposition of an engineer who worked for the manufacturer, who disputed whether the fire originated in the refrigerator but acknowledged that a fire would not occur in a refrigerator unless the product was defective. *See id.* The New York Court of Appeals recognized that the *Speller* plaintiffs' claim was necessarily circumstantial because the refrigerator had been too badly damaged in the fire to be properly examined for defects. *See id.* at 41. The Court of Appeals noted that a plaintiff's burden of proof under such circumstances is to establish that the incident that harmed the plaintiff

> "(a) was of a kind that ordinarily occurs as a result of product defect; and
>
> (b) was not, in the particular case, solely the result of causes other than product defect existing at the time of sale or distribution."

*See id.* at 42 (quoting Restatement (Third) of Torts: Products Liability § 3 (1998)). Given the obvious assumption that a refrigerator's catching fire is ordinarily the result of a defect, the Court of Appeals turned its attention to the second prong of the test and found that the plaintiffs had raised a triable issue of fact as to whether the refrigerator was the cause of the fire, and not the stove. *See id.* at 43. The Court of Appeals rejected the defendant's argument that, once it came

4

forward with evidence suggesting an alternative cause of the fire, the plaintiffs' burden shifted from circumstantiality to specificity – that they must produce evidence of a specific defect to survive summary judgment. *See id.* at 44. Reasoning that a jury could credit the plaintiffs' experts at the expense of the defendant's and find that the plaintiffs had excluded all other causes of fire not attributable to the defendant's refrigerator, the Court of Appeals concluded that the *Speller* plaintiffs had raised triable issues of fact and held that the trial court had properly denied the defendant's motion for summary judgment.

The case at bar is strikingly similar to *Speller*. Here, Plaintiff has alleged that the fire damage to Mr. Drexinger's home originated in his GE refrigerator, and not on his stove. *See* Complaint at 14. Plaintiff has offered the testimony of three "Cause and Origin Investigators" from the Saratoga County Fire Investigation Unit, who all concluded that the fire originated in the rear lower portion of Mr. Drexinger's refrigerator. *See* Dkt. No. 28, Plaintiff's Response to Defendant's Statement of Material Facts and Counter-Statement of Material Facts at ¶ 13. Defendant argues that Plaintiff has not met its prima facie burden because its experts have not identified a specific defect in the design or manufacture of the refrigerator. *See* Dkt. No. 20-3, Memorandum of Law in Support of Defendant's Motion for Summary Judgment at 2. As in *Speller*, there is a triable issue of fact as to whether Plaintiff's experts have excluded other causes of the fire damage to Mr. Drexinger's home. *See Speller*, 100 N.Y.2d at 43. Accordingly, this Court denies Defendant's motion for summary judgment with regard to Plaintiff's first cause of action.

C.   *Plaintiff's second cause of action for breach of express or implied warranty*

Plaintiff concedes that any claims for breach of express or implied warranty are time-barred.  *See* Dkt. No. 30, Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at 12.  Accordingly, this Court grants Defendant's motion for summary judgment with regard to Plaintiff's second cause of action.

D.   *Plaintiff's third cause of action for strict products liability*

Defendant argues that Plaintiff's failure to identify a specific defect in the design of Mr. Drexinger's refrigerator bars Plaintiff's claim for failure to warn and strict liability.  However, as the New York Court of Appeals stated in *Speller*, causes of action for negligent/defective design, failure to warn, and strict liability are triable where a plaintiff has raised circumstantial evidence of a defect and offered expert testimony excluding a non-defective cause of the harm.  *See Speller*, 100 N.Y.2d at 40, 44.  Accordingly, this Court denies Defendant's motion for summary judgment with regard to Plaintiff's third cause of action.

### III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for summary judgment, *see* Dkt. No. 20, is **DENIED** with regard to Plaintiff's first cause of action for negligence based on defective design and Plaintiff's third cause of action for strict products liability; and the Court further

**ORDERS** that Defendant's motion for summary judgment, *see* Dkt. No. 20, is **GRANTED** with regard to Plaintiff's second cause of action for breach of express or implied warranty; and the Court further

**ORDERS** that **trial** counsel shall participate in a telephone conference on August 17, 2015 at 11:00 a.m. to schedule a trial in this matter. The Court will provide counsel with the dial-in instructions prior to the conference.

**IT IS SO ORDERED**

Dated: July 23, 2015
    Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge